**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<table>
<tr><td>

**THOMAS MONROE, JR.**
**and ALVINIA MONROE,**

       **Plaintiffs,**

**v.**

**SMITHKLINE BEECHAM CORPORATION**
**d/b/a GLAXOSMITHKLINE; and**
**GLAXOSMITHKLINE LLC,**

       **Defendants.**

</td><td>

Civil Action No. _____

</td></tr>
</table>

<u>**NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, GlaxoSmithKline LLC ("GSK LLC"), also identified as "SmithKline Beecham Corporation d/b/a GlaxoSmithKline", by its undersigned attorneys, hereby removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.  In support of this Notice, GSK LLC states as follows:

1.      On or about April 28, 2010, Plaintiffs, Thomas Monroe, Jr. and Alvinia Monroe ("Plaintiffs"), filed a Complaint in the Philadelphia County Court of Common Pleas in the civil action styled <u>Monroe v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline; and GlaxoSmithKline, LLC</u>, April Term 2010, No. 04421.

2.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served on GSK LLC is attached hereto as Exhibit "A," which is incorporated herein by reference.

3.     The Complaint asserts claims predicated on Plaintiff Thomas Monroe, Jr.'s alleged use of Lamictal®, an FDA-approved prescription drug manufactured by GSK LLC.

4.     As explained below, this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, in that removal is timely, there is complete diversity of citizenship between Plaintiffs and GSK LLC, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## REMOVAL IS TIMELY

5.     Removal is timely.  The Complaint was served on GSK LLC on May 6, 2010.  This Notice of Removal is filed within thirty (30) days after receipt by GSK LLC of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based" pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

6.     This suit is an action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court under 28 U.S.C. § 1441, in that there exists complete diversity of citizenship between Plaintiffs and GSK LLC in the underlying cause of action and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.     This action is being removed to the District Court of the United States for the district embracing the place where the action is pending.  28 U.S.C. § 1441(a).

8.     On October 27, 2009, SmithKline Beecham Corporation ("SKB"), a Pennsylvania corporation, converted into GlaxoSmithKline LLC, a limited liability company organized under Delaware law.

9.      In order to clarify its status in Pennsylvania (i.e., no longer having the status as a Pennsylvania corporation), SKB filed modified articles of dissolution with the Pennsylvania Department of State pursuant to 15 Pa. Cons. § 1980.[1]

10.     The articles of dissolution terminated SKB's status as a domestic business corporation under Pennsylvania law, and the entity continued to exist as GSK LLC under Delaware law.  As the successor entity, GSK LLC succeeded to the liability of SKB.

11.     Plaintiffs are citizens and residents of the State of New York.  (Compl. at ¶¶ 1, 226.)

12.     GSK LLC is a Delaware limited liability company.

13.     For purposes of diversity jurisdiction, the citizenship of an LLC is that of its members.

14.     The sole member of GSK LLC is GlaxoSmithKline Holdings (Americas) Inc.  GlaxoSmithKline Holdings (Americas) Inc. is a Delaware corporation with its principal place of business in Wilmington, Delaware.

15.     Thus, GSK LLC is a citizen of Delaware, and complete diversity of citizenship exists between Plaintiffs and Defendant GSK LLC.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

16.     In the Complaint, Plaintiff Thomas Monroe, Jr. asserts claims for products liability, breach of express and implied warranty, negligence, misrepresentation, fraud,

---

[1]      As explained in the official commentary to Section 1980, this filing did not cause an actual dissolution of SKB, but rather simply confirmed its change in status:  "This section [1980] is intended to provide a procedure under which a domestic business corporation that has domesticated itself under the laws of another jurisdiction can clarify its status in Pennsylvania . . . .  The effect of filing under this section is not to dissolve the corporation in the ordinary sense but simply to terminate its status as a domestic business corporation.  The existence of the corporation is not affected because the same entity continues to exist in the new jurisdiction of incorporation."  As such, SKB's articles of dissolution noted, "SmithKline Beecham Corporation is being domesticated to Delaware and subsequently converted to a Delaware Limited Liability Company under Delaware and Pennsylvania law."

intentional and negligent infliction of emotional distress, and medical monitoring.  (Compl. Counts 1-13.)

17.     Plaintiff alleges that he has "suffered severe and permanent injuries," "suffered physical impairment and disfigurement," and incurred and will continue to incur expenses relating to the treatment and monitoring of his alleged injuries.  (Compl. at ¶ 109.)

18.      Plaintiff Alvinia Monroe asserts a claim for loss of consortium.  (Compl. at Count 14.)

19.     Additionally, Plaintiffs seek disgorgement of profits and recovery for past and future special damages, including the cost of rehabilitation, assisted living, and loss of earning capacity.  (Compl. at ¶¶ 231, 236.)

20.     Given the nature and extent of Plaintiffs' alleged injuries and damages, Plaintiffs' Complaint places at issue more than $75,000, exclusive of interest and costs.  "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993).

21.     Plaintiffs' claim for damages exceeds the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

22.     Pursuant to the provisions of 28 U.S.C. § 1446(d), GSK LLC will give Plaintiffs written notice of the filing of this Notice of Removal and shall file the written notice of the filing of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, attaching as Exhibit "A" thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal.

WHEREFORE, Defendant GSK LLC gives notice that the matter styled as

Monroe v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline and GlaxoSmithKline,

LLC in the Court of Common Pleas of Philadelphia County, Pennsylvania, April Term 2010, No.

04421, is removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

/s/ Ellen Rosen Rogoff
Ellen Rosen Rogoff
Daniel T. Fitch
Leslie M. Greenspan
Pa. Attorney Nos. 43468, 53717, 91639
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000

Attorneys for Defendant, GlaxoSmithKline LLC

Dated: May 10, 2010

Of Counsel:

Brian P. Johnson, Esquire
JOHNSON, TRENT, WEST & TAYLOR, L.L.P.
919 Milam Street, Suite 1700
Houston, TX  77002
(713) 222-2323

Madeleine McDonough, Esquire
SHOOK, HARDY & BACON L.L.P.
1155 F Street, NW, Suite 200
Washington, D.C.  20004-1305
(202) 639-5600

Timothy A. Thelen, Esquire
Assistant General Counsel
GlaxoSmithKline LLC
5 Moore Drive
Research Triangle Park, NC  27709

## CERTIFICATE OF SERVICE

I, Ellen Rosen Rogoff, Esquire, hereby certify that on May 10, 2010, I caused a true and correct copy of the foregoing Notice of Removal to be served upon counsel listed below via U.S. Mail, postage prepaid:

Lee B. Balefsky
Michelle Tiger
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102

Justin G. Witkin
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
803 North Palafox Street
Pensacola, FL  32564

*Attorneys for Plaintiffs*

/s/ Ellen Rosen Rogoff
Ellen Rosen Rogoff

6

# 1130148