**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THOMAS MONROE, JR.** **and ALVINIA MONROE,** | |
| **Plaintiffs,** | Civil Action No. _____ |
| **v.** | |
| **SMITHKLINE BEECHAM CORPORATION** **d/b/a GLAXOSMITHKLINE; and** **GLAXOSMITHKLINE LLC,** | |
| **Defendants.** | |

AND NOW, this _____ day of _____, 2010, upon consideration of Defendant GlaxoSmithKline LLC's Motion for Change of Venue, and any response thereto, it is hereby **ORDERED** that Defendant's Motion is **GRANTED**.

It is further **ORDERED** that this case be transferred to the United States District Court for the Eastern District of New York.

BY THE COURT:

_____
                                                              , J.
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THOMAS MONROE, JR.**<br>**and ALVINIA MONROE,**<br><br>    **Plaintiffs,**<br><br> **v.**<br><br>**SMITHKLINE BEECHAM CORPORATION**<br>**d/b/a GLAXOSMITHKLINE; and**<br>**GLAXOSMITHKLINE LLC,**<br><br>    **Defendants.** | Civil Action No. _____ |

## GLAXOSMITHKLINE LLC'S MOTION FOR CHANGE OF VENUE

Pursuant to 28 U.S.C. § 1404(a), Defendant, GlaxoSmithKline LLC ("GSK"), also identified as "SmithKline Beecham Corporation d/b/a GlaxoSmithKline, LLC", respectfully moves the Court to transfer this case to the United States District Court for the Eastern District of New York, or in the alternative, to the United States District Court for the Middle District of North Carolina.

In support of this Motion, GSK incorporates the accompanying Memorandum of Law. A form of Order is also attached.

/s/ Ellen Rosen Rogoff
Ellen Rosen Rogoff
Daniel T. Fitch
Leslie M. Greenspan
Pa. Attorney Nos. 43468, 53717, 91639
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000

Dated: May 10, 2010      Attorneys for Defendant, GlaxoSmithKline LLC

Of Counsel:

Brian P. Johnson, Esquire
JOHNSON, TRENT, WEST & TAYLOR, L.L.P.
919 Milam Street, Suite 1700
Houston, TX  77002
(713) 222-2323

Madeleine McDonough, Esquire
SHOOK, HARDY & BACON L.L.P.
1155 F Street, NW, Suite 200
Washington, D.C.  20004-1305
(202)639-5600

Timothy A. Thelen, Esquire
Assistant General Counsel
GlaxoSmithKline LLC
5 Moore Drive
Research Triangle Park, NC  27709

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THOMAS MONROE, JR.**<br>**and ALVINIA MONROE,**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**SMITHKLINE BEECHAM CORPORATION**<br>**d/b/a GLAXOSMITHKLINE; and**<br>**GLAXOSMITHKLINE LLC,**<br><br>    **Defendants.** | Civil Action No. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF**
**GLAXOSMITHKLINE LLC'S MOTION FOR CHANGE OF VENUE**

Defendant, GlaxoSmithKline LLC ("GSK"), also identified as "SmithKline Beecham Corporation d/b/a GlaxoSmithKline", by and through its undersigned counsel, hereby submits this Memorandum of Law in support of its Motion for Change of Venue pursuant to 28 U.S.C. § 1404(a).

**I.    INTRODUCTION**

Plaintiff Thomas Monroe, Jr., ("Plaintiff") is seeking relief for events that allegedly took place at or near Plaintiff's residence in Brooklyn, New York. Plaintiff's spouse, Alvinia Monroe, seeks damages for loss of consortium. None of the witnesses or evidence at issue in this case are located in Pennsylvania. As a result, transfer of venue is appropriate pursuant to 28 U.S.C. § 1404(a). In the interest of justice and for the convenience of the parties and witnesses, this action should be transferred to the United States District Court for the Eastern District of New York. In the alternative, this action should be transferred to the United States

District Court for the Middle District of North Carolina, where the activities relating to the development and commercialization of Lamictal® occurred.

## II.   FACTUAL BACKGROUND

Plaintiff filed this action in the Philadelphia County Court of Common Pleas.  On May 10, 2010, GSK removed this action to this Court.  In his Complaint, Plaintiff claims that he experienced injuries and damages following his alleged use of Lamictal®, an FDA-approved prescription drug manufactured by GSK.  Although he brought suit in Philadelphia, Plaintiff and his spouse reside in Brooklyn, New York.  (Compl. at ¶¶ 1, 226.)  Plaintiff alleges that he was admitted to Staten Island University Hospital on April 13, 2007.  (Compl. at ¶ 45.)  Plaintiff does not allege that he purchased or used Lamictal® in Pennsylvania or that he suffered any injuries or damages in Pennsylvania.  Plaintiff has not alleged that any of the events underlying his claims occurred in Pennsylvania.  From the face of the Complaint, it appears that all relevant events occurred in New York – not Pennsylvania.  To the extent that Plaintiff's Complaint makes allegations regarding GSK activities outside of New York, including development of Lamictal® and any ex-New York commercialization activities, those also would have taken place entirely outside of Pennsylvania – in North Carolina, where the entirety of GSK's business unit responsible for Lamictal® is located.  Accordingly, while GSK believes that New York is the most appropriate venue for this case, North Carolina is an appropriate alternative.

## III.   ARGUMENT

### A.   Transfer of Venue Is Proper.

Transfer of venue is within this Court's discretion because this action could have been brought in the Eastern District of New York.  "For the convenience of parties and witnesses" and "in the interest of justice," district courts possess broad discretion to transfer an action to any district or division where the action might have been brought.  28 U.S.C. § 1404(a);

see also Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955).  An action where jurisdiction is based solely on diversity may be brought in any judicial district where any defendant resides, if all defendants reside in the same state.  28 U.S.C. § 1391(a).  A corporate or limited liability company defendant is treated as residing in any judicial district in which it is subject to personal jurisdiction.  28 U.S.C. § 1391(c); Pippett v. Waterford Dev., LLC, 166 F. Supp. 2d 233, 238 (E.D. Pa. 2001) (noting that a limited liability company is treated as a corporate defendant for purposes of determining venue).  GSK conducts business in New York and throughout the United States and would be subject to personal jurisdiction in New York.  Thus, venue would be proper in the Eastern District of New York, and this Court has discretion to transfer this action.

**B.**       **The Public and Private Interests Weigh in Favor of Transfer.**

Once it has been determined that transfer is proper under 28 U.S.C. § 1404(a), the court must then consider whether the action should be transferred in the interest of justice and for the convenience of the parties and the witnesses.  A court will weigh private and public interests, similarly to a *forum non conveniens* motion; however, the inconvenience required for transfer under § 1404 is less than is required for a court to dismiss an action based on *forum non conveniens*.  See Pippett, 166 F. Supp. 2d at 238.  Private interests include the relative ease of access to sources of proof, the availability of compulsory process for compelling witness attendance, the costs of obtaining attendance of willing witnesses, and "all other practical problems that make trial of a case easy, expeditious, and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).  Public interests include the administrative issues relating to court congestion, conflict of law considerations, and the desirability of having local controversies resolved in the home state.  Id. at 508-09.

Here, both the private and public interests weigh heavily in favor of transfer to the Eastern District of New York.  The private factors support transfer because all of the events

relevant to Plaintiff's allegations occurred in New York – not Pennsylvania.  See Tranor v. Brown, 913 F. Supp. 388, 391 (E.D. Pa. 1996) (finding that an action should be transferred to the district where the plaintiff's alleged injuries occurred and where the treatment records were located).  Because Plaintiff resides in New York, it is expected that all of the relevant witnesses live in New York as well.  Most of the individuals who would testify at trial, such as Plaintiff's doctors, pharmacists, family, friends, and co-workers, likely reside in or near Brooklyn, New York.  If the case remained in Pennsylvania, access to those witnesses would be difficult.  See Fed. R. Civ. P. 45(b)(2) (noting that, outside of its district, a federal court's trial subpoena power only extends 100 miles outside of the trial location).

In this case, the testimony of Plaintiff's healthcare providers is key to the issues of liability and damages, and, depending on where in the Brooklyn-area Plaintiff sought treatment, Plaintiff's healthcare providers may be located beyond this Court's subpoena power and could not be compelled to testify live at trial in Pennsylvania.  Similarly necessary but unavailable in Pennsylvania is certain in-court access to testimony of witnesses who know about Plaintiff's medical condition in her place of residence (New York) both before and after the alleged injuries.  Where and how Plaintiff obtained the Lamictal® he allegedly ingested, and all matters in connection with Plaintiff's knowledge of Lamictal® and other drugs he may have been exposed to, are also most likely to be located in New York and not in Pennsylvania.  GSK will be prejudiced if it is stripped of the opportunity to examine such key witnesses live in front of a jury at trial.  See Polaroid Corp. v. Casselman, 213 F. Supp. 379, 382-83 (S.D.N.Y. 1962) ("Depositions, deadening and one-sided, are a poor substitute for live testimony especially where, as here, vital issues of fact may hinge on credibility . . . .  Thus, the transfer which defendant seeks will not only serve the convenience of the witnesses but, more importantly, the ends of justice.").

4

Even if within this Court's subpoena power, key witnesses would be required to travel out-of-state for a trial in Pennsylvania – a state that has no connection to Plaintiff's claims. A trial in Pennsylvania would be inconvenient and difficult for those witnesses. Additionally, obtaining this testimony could be costly to the party seeking to subpoena the out-of-state witnesses. See Fed.R.Civ.P. 45(b)(1) (noting that, if a subpoena requires the attendance of a witness, the serving party must tender fees for one day's attendance and mileage allowed by law). Relevant documents, such as medical records and pharmacy records, are likely located in or around Brooklyn, New York. Further, all of the activities relating to the development and manufacturing of Lamictal® occurred at GSK's facilities in Research Triangle Park, North Carolina – not in Pennsylvania. Thus, all of the events alleged in the Complaint occurred in either New York or North Carolina, but they bear no connection to Pennsylvania.

The public factors also support transfer. Plaintiff is a citizen of New York, and the events giving rise to this action occurred in New York. New York has an interest in resolving claims that arise within its borders. Because this claim involves a New York plaintiff who, on information and belief, allegedly purchased and ingested a product in New York and experienced injuries in New York, New York has the greatest interest in this claim. Therefore, New York law should apply. See Schultz v. Boy Scouts of Am., Inc., 480 N.E.2d 679, 683 (N.Y. 1985). Accordingly, the public factors support having this claim resolved in a New York court by New York jurors. Even Plaintiff's allegations regarding Lamictal® lack a connection to Pennsylvania. GSK activities relating to the development and commercialization of Lamictal® occurred in North Carolina, where the GSK business unit responsible for Lamictal® is located. If this Court were to focus on such activities, the public factors would support transfer to the Middle District of North Carolina.

Although a plaintiff's chosen forum is ordinarily given deference, when the plaintiff chooses a forum that is not his home forum, the plaintiff's choice "should be given considerably less weight." <u>Celbusky v. Del. & Hudson Ry. Co.</u>, 590 F. Supp. 934, 935-36 (E.D. Pa. 1984) (finding transfer appropriate when the plaintiff was injured outside of the district and when all fact witnesses, treating physicians, and medical records were located outside of the district). Plaintiff does not live in Pennsylvania and has not alleged that any relevant witness is located in Pennsylvania or that any relevant event occurred in Pennsylvania. The private and public factors support transfer.

## IV.    <u>CONCLUSION</u>

In the interest of justice and for the convenience of the parties and witnesses, GSK respectfully requests that this Court enter an Order transferring this case to the United States District Court for the Eastern District of New York.  In the alternative, GSK would request that this Court enter an Order transferring this case to the Unites States District Court for the Middle District of North Carolina, where the activities relating to the development and manufacturing of Lamictal® occurred.

Respectfully submitted,

/s/ Ellen Rosen Rogoff
Ellen Rosen Rogoff
Daniel T. Fitch
Leslie M. Greenspan
Pa. Attorney Nos. 43468, 53717, 91639
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000

Dated: May 10, 2010                    Attorneys for Defendant, GlaxoSmithKline LLC

Of Counsel:

Brian P. Johnson, Esquire
JOHNSON, TRENT, WEST & TAYLOR, L.L.P.
919 Milam Street, Suite 1700
Houston, TX  77002
(713) 222-2323

Madeleine McDonough, Esquire
SHOOK, HARDY & BACON L.L.P.
1155 F Street, NW, Suite 200
Washington, D.C.  20004-1305
(202) 639-5600

Timothy A. Thelen, Esquire
Assistant General Counsel
GlaxoSmithKline LLC
5 Moore Drive
Research Triangle Park, NC  27709

## <u>CERTIFICATE OF SERVICE</u>

I, Ellen Rosen Rogoff, Esquire, hereby certify that on May 10, 2010, I caused a copy of the foregoing documents to be served *via* first class mail upon the following, postage prepaid, upon the following:

Lee B. Balefsky
Michelle Tiger
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102


Justin G. Witkin
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
803 North Palafox Street
Pensacola, FL  32564

*Attorneys for Plaintiffs*


<u>/s/ Ellen Rosen Rogoff</u>
Ellen Rosen Rogoff

# 1130180