IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS MONROE, JR. and ALVINIA
MONROE,

      Plaintiffs,

v.                                     Civil Action No.:

SMITHKLINE BEECHAM CORPORATION
d/b/a GLAXOSMITHKLINE,

      Defendant.

_____/

**PLAINTIFF'S MOTION TO REMAND AND MEMORANDUM IN SUPPORT**

      **COMES NOW** Plaintiffs, THOMAS MONROE, JR. and ALVINIA MONROE, and files this, Plaintiff's Motion to Remand and Memorandum in Support and respectfully request that this Court enter an order remanding this case back to the Court of Common Pleas, Philadelphia County, Pennsylvania.

      Specifically, because the instant action presents no federal question and Defendant is a citizen of Pennsylvania where it has its principal place of business, this Court lacks subject matter jurisdiction and immediate remand of this case is warranted pursuant 28 U.S.C. §§1332(c) and 1447(c).

      Additionally, concurrent with its continued status as having its principal place of business in Pennsylvania, Defendant is also subject to litigation in Pennsylvania state court for at least two (2) years after its dissolution of its corporate status in Pennsylvania pursuant to 15 Pa. Cons. Stat. Ann. § 1979.

## I. INTRODUCTION

On April 29, 2010, Plaintiff Thomas Monroe, Jr. filed suit against Defendant after ingesting Defendant's pharmaceutical drug Lamictal, suffering a severe, life-threatening rash and being diagnosed with Stevens Johnson syndrome. [Compl. at ¶¶ 43, 44, 45]   On May 10, 2010, Defendant removed this cause from State Court despite the fact Plaintiff filed suit in Pennsylvania where Defendant has its principal place of business.

As justification for its removal, Defendant argues that it is not a Pennsylvania company but rather is now a Delaware limited liability company.  Specifically, Defendant alleges that it "converted" into GlaxoSmithKline LLC, a limited liability company organized under Delaware law on October 27, 2009, filed modified articles of dissolution with the Pennsylvania Department of State and is in existence currently as a new company under Delaware law.  Notice of Removal [Dkt. 1 at ¶¶ 7, 8 and 9].

However, Defendant continues to be a citizen of Pennsylvania because it has not ceased maintaining its principal place of business in Pennsylvania.  Accordingly, Plaintiff respectfully requests that the Court remand this matter back to the Court of Common Pleas, Philadelphia County, Pennsylvania for further adjudication on the merits.

## II. ARGUMENT AND AUTHORITIES

### A.   LEGAL STANDARD FOR REMOVAL JURISDICTON

The removal statute must be strictly construed against removal.  *See Samuel-Bassett Motors v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 212 (3d Cir. 1997)(citing *Int'l Primate Prot. League v. Admin'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991)); *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).

Removal is restricted to instances in which the statutes clearly permit it. To this end, the Court is required to resolve all doubts in favor of non-removal. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851, 854 (3d Cir. 1992); *Boyer*, 913 F.2d 108, 111 (3d Cir. 1990). Specifically, the Court must accept the factual allegations of the complaint and "resolve any uncertainties as to the current state of substantive controlling law in favor of the plaintiff." *Batoff*, 977 F.2d 851 (citing *Boyer*, 913, F.2d at 911). "[I]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983).

All questions of fact, controlling law and jurisdiction should be resolved in favor of remand to state court and against removal. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-109 (1941). The removing party has the burden to prove that federal jurisdiction is proper. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189, 56 S. Ct. 780, 784, 80 L. Ed. 1135 (1936). If proof is needed to support the jurisdictional allegations, the removing party must supply the necessary evidence. *Id.*

This Court should remand this case to state court because it lacks subject matter jurisdiction. A federal court has original jurisdiction over civil actions based on diversity where (1) the action is between citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a). However, where suit is filed in the State in which Defendant is a

citizen by virtue of the location of its principal place of business, the case cannot be properly removed in the first instance. 28 U.S.C. § 1441(b).

### B.    PRINCIPAL PLACE OF BUSINESS

"The federal diversity jurisdiction statute provides that a corporation is deemed to be a citizen of any state in which it is incorporated *and of the State where it has its principal place of business"*. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1185 (U.S.,2010)(emphasis in original)(citing 28 U.S.C. §§1332(c)); *see also Monica v. Accurate Lift Truck*, 2010 WL 1631242, 1 (E.D.Pa.) (E.D.Pa.,2010); *Alex v. Eckerd Drugs*, WL 2372032, 1 -2  (W.D.Pa.,2006). It follows that a corporation may be a citizen of two states, but a corporation only has one principal place of business. *Alex v. Eckerd Drugs*, WL 2372032 *1.

### 1.  "Nerve Center Test" - *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (U.S.,2010)

In the very recent case *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (U.S.,2010), the United States Supreme Court ruled on the issue of what constitutes "principal place of business" in the context of federal diversity jurisdiction within Section 1332(c)(1).  The issue arose in a putative class action brought in California state court by workers alleging that the petitioner, a national car rental business, violated California's wage and hour laws. *Hertz Corp. v. Friend*, 130 S.Ct. 1186 (U.S.,2010).  The petitioner removed the action to federal court pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C.A. § 1453(c) and the workers then moved to remand on the grounds that the petitioner was a citizen of California, and thus diversity of citizenship did not exist between the petitioner and the putative class members. *Hertz Corp.*, 130 S.Ct. 1181,

4

1186.  The district court granted the motion.  *Id.* at 1187.  On appeal, the Ninth Circuit held that

the petitioner's principal place of business was in California and affirmed.  *Id.*  The Ninth Circuit

determined that the district court correctly applied the "place of operations" test to determine the

petitioner's principal place of business.  *Id.*  After granting, certiorari, Justice Breyer, writing for

a unanimous Court, briefly reviewed the history of diversity jurisdiction in the United States,

finding that Congress added the "principal place of business" language to the traditional "state

of incorporation" test in § 1332(c)(1) in order to reduce the number of diversity cases and to

prevent corporations from manipulating federal-court jurisdiction.  *Id.* at 1188.  "The phrase

'principal place of business' has proved more difficult to apply than its originators likely

expected," Justice Breyer observed, noting that this was likely due to the fact that corporations

come in many different forms, involve many different kinds of business activities, and locate

offices and plants for different reasons in different ways in different regions.  *Id.* at 1190.  In an

effort to find a single, more uniform interpretation of the statutory phrase, the Court reviewed the

Courts of Appeals' divergent and increasingly complex interpretations, ultimately returning to,

and expanding, the "nerve center" approach, as applied in the Seventh Circuit.  *Id.* at 1192.  In an

effort to provide guidance, the Court observed that "in practice, it should normally be the place

where the corporation maintains its headquarters - provided that the headquarters is the action

center of direction, control, and coordination and not simply an office where the corporation

holds its board meetings (for example, attended by directors and officers who have traveled there

for the occasion)."  *Id.*

### 2.  The "Nerve Center" for Defendant is Pennsylvania

Though it is possible that Defendant's officers and/or directors travel to Delaware to hold

board meetings, the location where Defendant "directs, controls and coordinates" its U.S.

operations in the design, manufacture, and sale of pharmaceutical drugs is at its Pennsylvania

corporate offices located at One Franklin Plaza, P.O. Box 7929, Philadelphia, PA 19101. In

fact, contrary to Defendant's suggestion that its Principal Place of Business is in Delaware,

presumably giving rise to its decision to remove this action, Defendant has consistently

maintained that it is in Pennsylvania well after its alleged "conversion"[1] into a Delaware limited

liability company.

   a.   Defendant's Official Filing with Securities and Exchange Commission

   On March 1, 2010, GlaxoSmithKline PLC, Defendant's parent company, filed its Annual

Report ending December 31, 2009 in which it identified its Philadelphia location as the

headquarters for GlaxoSmithKline LLC (the newly created entity which Defendant alleges

supplanted SmithKlineBeecham Corporation d/b/a GlaxoSmithKline). Specifically, Defendant's

2009 Annual Report Form 20-F[2] filed with the U.S. Securities and Exchange Commission,

attached hereto in pertinent part [pp. 166-68] as Exhibit A, confirms the location of the various

subsidiaries' headquarters along with the operations performed as said locations including a

delineation of the particular business activities for which each location is responsible. The

following is found in pertinent part at pages 166-68:

**43 Principal Group companies**
The following represent the principal subsidiary and associated undertakings of the GlaxoSmithKline Group at 31st December 2009.
Details are given of the principal country of operation, the location of the headquarters, the business sector and the business activities.
The equity share capital of these undertakings is wholly owned by the Group except where its percentage interest is shown otherwise. All
companies are incorporated in their principal country of operation except where stated.

---

[1] Even assuming Defendant's attempts to convert into a Delaware company, and notwithstanding the fact that
Defendant's U.S. nerve center has remained in Pennsylvania availing itself to suit in Pennsylvania state court,
Defendant is additionally subject to litigation in Pennsylvania state court for two (2) years after dissolution of its
corporate status in Pennsylvania pursuant to 15 Pa. Cons. Stat. Ann. § 1980.
[2] A complete version of the 2009 Annual Report filed with the S.E.C. can be found on Defendant's website at:
http://www.gsk.com/investors/reps09/GSK-Form-20-F-2009.pdf

| USA | | | | | |
|---|---|---|---|---|---|
| USA | Coral Gables | Stiefel Laboratories, Inc. | Ph | h m p | |
| | Hamilton | Corixa Corporation | Ph | m p | |
| | Philadelphia | GlaxoSmithKline LLC | Ph,CH | d e h m p r s | |
| | Pittsburgh | GlaxoSmithKline Consumer Healthcare, L.P. | CH | m p | 88 |
| | Pittsburgh | Block Drug Company, Inc. | CH | h m | |
| | Wilmington | GlaxoSmithKline Holdings (Americas) Inc. | Ph,CH | h | |
| | Wilmington | GlaxoSmithKline Capital Inc. | Ph | f | |
| | Cambridge | Sirtris Pharmaceuticals Inc. | Ph | r | |
| | Research Triangle Park | ViiV Healthcare Company | Ph | m | 85 |

Key
Business sector:   Ph Pharmaceuticals, CH Consumer Healthcare
Business activity:   d development, e exporting, f finance, h holding company, i insurance, m marketing, p production, r research, s service

In view of the business sector referenced next to each location, it is clear that the

Philadelphia office is the nerve center.  Specifically, it has the following attributed to such

location: development; exporting; holding company; marketing; production; research and

service.  In contrast, among two Delaware entities - only one, GlaxoSmithKline Holdings

(Americas), Inc., is related to the newly converted entity GlaxoSmithKline LLC and only

contains has the activity of holding company associated with it.

   b.  Defendant's Corporate Representations Online

   A review of the current contents of Defendant's website, which was updated in 2010 –

well after Defendant's conversion into Delaware limited liability company, also belies the

suggestion that its Pennsylvania location is not the nerve center of its operations in the United

States.  Specifically, Plaintiff attaches her Composite Exhibit B which clearly identifies the

following:

   3.  That the Philadelphia, PA office is "located in Center City Philadelphia, Franklin
       Plaza is one of two large corporate headquarters in the US. Along with the
       Research Triangle Park located in Raleigh-Durham NC, Franklin Plaza houses
       our marketing, communications, finance, IT, HR, sales, administration, and other
       corporate functions." [Exh. B-1][3]

   4.  That Andrew Witty became the Chief Executive Officer of GSK on May 21, 2008
       and that, as part of his "role", he "is based in the Group's offices in Franklin

---

[3] http://us.gsk.com/html/career/career-working-locations.html

Plaza, Philadelphia and has an office at GSK's UK corporate headquarters". [Exh. B-2][4]

5.  That Dan Troy joined GSK as Senior Vice President & General Counsel in September of 2008 and reports to Andrew Witty and is based in Franklin Plaza, Philadelphia PA, as a member of the Corporate Executive Team. [Exh. B-3][5]

Defendant's U.S. based high level officers and management work from within its Philadelphia office nerve center which is the action center of direction, control, and coordination of its U.S. operations.

c.   Statements in Recent Court Proceedings

Moreover, well after Defendant's efforts at corporate maneuvering, it has continued to acknowledge and reconfirm its principal place of business in Pennsylvania. Specifically, Plaintiff attaches her Composite Exhibit C which sets out the following recent examples of disclosures made in legal documents:

1.  That, on February 17, 2010, in *Glaxo Group Ltd. v. Genentech, Inc.*, Slip Copy, 2010 WL 1445666, N.D.Cal.,2010, Defendant filed a lawsuit against another pharmaceutical manufacturer over a patent dispute in which it stated the following: "Plaintiff GlaxoSmithKline LLC is a Delaware limited liability company having a principal place of business at One Franklin Plaza, Philadelphia, Pennsylvania, 19102." [Exh. C-1]

2.  That, on May 14, 2010, in *Biogen v. GlaxoSmithKline LLC et al.*, Case No.: 3:10-cv-00608-BEN-WVG (S.D.Cal., 2010), Defendant filed an Answer to a complaint in which it admitted the following: "4. On information and belief, Defendant GlaxoSmithKline LLC is a Delaware limited liability company having a principal place of business at One Franklin Plaza, Philadelphia, Pennsylvania, 19102. - Answer: Admitted." [Exh. C-2]

3.  That, on May 24, 2010, in *Woodson-Gatson v. SmithKlineBeecham Corporation* et al., Case No.: 1:10-cv-01011-ENV-JMA (E.D.N.Y., 2010), Defendant filed an

---

[4] http://www.gsk.com/about/bio-witty-cet.htm
[5] http://www.gsk.com/about/bio-troy-cet.htm

Answer to a personal injury Complaint in which it stated the following: "SmithKline Beecham Corporation is a Pennsylvania Corporation with its principal place of business in Philadelphia, Pennsylvania." [Exh. C-3]

## C.    PENNSYLVANIA'S SURVIVAL STATUTE - 15 Pa. Cons. Stat. Ann. § 1979 REQUIRES THAT DEFENDANT AVAIL ITSELF TO SUIT IN PENNSYLVANIA STATE COURT AFTER DISSOLUTION

On October 27, 2009, Defendant filed articles of dissolution with the State of Pennsylvania. However, Pennsylvania's Corporations Code provides that any corporation dissolving its corporate status may be subject to suit for up to two (2) years after the dissolution of the business. Specifically, Subchapter F., Section 1979 states the following:

**Subchapter F. Voluntary Dissolution and Winding Up**

**§ 1979. Survival of remedies and rights after dissolution.**

**(a) General rule.**--The dissolution of a business corporation, either under this subchapter or under Subchapter G (relating to involuntary liquidation and dissolution) or by expiration of its period of duration or otherwise, shall not eliminate nor impair any remedy available to or against the corporation or its directors, officers or shareholders for any right or claim existing, or liability incurred, prior to the dissolution, if an action or proceeding thereon is brought on behalf of:

    (1) the corporation within the time otherwise limited by law; or
    (2) any other person before or within two years after the date of the dissolution or within the time otherwise limited by this subpart or other provision of law, whichever is less.

15 Pa. Cons. Stat. Ann. § 1979

Recently, in response to a motion to remand cases involving the pharmaceutical drug Avandia, Defendant argued that its Principal Place of Business had become Delaware based on the corporate filings referenced in its Notice of Removal of the instant action. In three consecutive decisions, Defendant's arguments were rejected and the cases were remanded back to Illinois state court for further proceedings. The cases are: *Colon v. SmithKline Beecham Corp.,* No. 09-v-1073-GPM, 2010 WL 46523, at *5 (S.D.Ill. Jan.5, 2010); *Alexander v.*

*SmithKline Beecham Corp., No. 09-cv-1072-DRH, 2010 WL 750031, at \*5 (S.D.Ill. Mar.3,*

*2010)*; Aaron v. SmithKline Beecham Corp. 2010 WL 1752546, at \*5 (S.D.Ill. Apr.28, 2010).

In each decision, Defendant suggested that it no longer existed as a Pennsylvania

corporation and that its reconstitution as a Delaware limited liability company precluded

diversity jurisdiction. *Id.* However the Southern District of Illinois examined the facts

surrounding Defendant's dissolution and found that SmithKlineBeecham Corporation was a

corporate citizen of Pennsylvania at the time this suit was commenced and continued to be for

two (2) years after its dissolution. In doing so, the court also examined 15 Pa. Cons. Stat. Ann. §

1979 and stated the following:

> [t]o ameliorate the harsh effects of the common law upon creditors, Pennsylvania as well
> as other states enacted statutory provisions whereby corporations continued for the
> limited purpose of 'winding up' corporate affairs. *Erdely v. Hinchcliffe & Keener, Inc.,*
> 2005 PA Super 151, 875 A.2d 1078, 1083 (Pa. Super. Ct. 2005).In light of Pennsylvania
> law authorizing suits by and against dissolved Pennsylvania corporations, where, as here,
> a timely suit has been brought against SKB, a dissolved Pennsylvania corporation, SKB
> is neither a nominal party to this suit nor a fraudulently joined party. *See Colon v.
> SmithKline Beecham Corp.,* Civil No. 09-1073-GPM, 2010 WL 46523, at \*4 (S.D. Ill.
> Jan. 5, 2010); *Jocz v. Eichleay Eng'rs, Inc.,* Civil Action No. 08-4063, 2008 WL
> 5157503, at \*\*2-4 (E.D. Pa. Dec. 9, 2008); *F.P. Woll & Co. v. Fifth & Mitchell St. Corp.,*
> No. Civ.A. 96-CV-5973, 2001 WL 34355652, at \*\*2-3 (E.D. Pa. Dec. 13, 2001).

The court concluded by holding that it lacked diversity jurisdiction over the cases based

on the corporate survival statute set out in15 Pa. Cons. Stat. Ann. § 1979. *See Colon* at \*5.

Accordingly, concurrent with its continued status as having its principal place of business in

Pennsylvania, Defendant is also subject to litigation in Pennsylvania state court for at least two

(2) years after its dissolution of its corporate status in Pennsylvania pursuant to 15 Pa. Cons. Stat.

Ann. § 1979.

**III. CONCLUSION**

The Third Circuit imposes a heavy burden upon one seeking to remove a case based on diversity jurisdiction. Defendant has failed to meet its burden in establishing that it does not have its Principal Place of Business in Pennsylvania. Rather, it is clear that its Philadelphia, Pennsylvania corporate offices are its United States headquarters and comprise what the United States Supreme Court articulate as Defendant's "nerve center".

Moreover, though Plaintiff believes it proper to immediately remand this action to the Court of Common Pleas of Philadelphia County based on Defendant's continuing corporate identity in the jurisdiction in which she brought the instant suit, Defendant is likewise concurrently subject to suit in Pennsylvania based on the survival statute which relates to all dissolved corporations.

*RESPECTFULLY SUBMITTED,* this the 10th day of June 2010.

BY: _____

Lee B. Balefsky, Esq.
Thomas R. Kline, Esq.
Michelle L. Tiger, Esq.
*Kline & Specter, P.C.*
1525 Locust Street, 19th Floor
Philadelphia, PA 19107
Phone: (215) 772-0420
ATTORNEYS FOR PLAINTIFF
*Local Counsel*

Douglass A. Kreis, Esq.
Justin G. Witkin, Esq.
*Aylstock, Witkin, Kreis & Overholtz, PLLC*
803 N. Palafox Street
Pensacola, FL 32501
Phone: (850) 916-7450
ATTORNEYS FOR PLAINTIFF
*Pro Hac Vice to be Submitted*

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically this 10th day

of June, 2010, and that notification will be provided to the following parties of record by

Electronic Mail Notice (ECF):

Ellen Rosen Rogoff, Esq.
Daniel T. Fitch, Esq.
Leslie M. Greenspan, Esq.
*Stradley, Ronon, Stevens & Young, LLP*
1600 One Commerce Square
Philadelphia, PA 19103-7098
Phone: (215) 564-8000

Brian P. Johnson, Esq.
*Johnson, Tent, West & Taylor, LLP*
919 Milam Street, Suite 1700
Houston, TX 77002
Phone: (713) 222-2323

Madeline McDonough, Esq.
*Shook, Hardy & Bacon, LLP*
1155 F. Street N.W., Suite 200
Washington, DC 20004-1305
Phone: (202) 639-5600

Timothy A. Thelan, Esq.
Assistant General Counsel
GlaxoSmithKline, LLC
5 Moore Drive
Research Triangle Park, NC 27709

ATTORNEYS FOR DEFENDANT

Fred B. Balefsky, Esq.