```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


THOMAS MONROE, JR.                  :
and ALVINIA MONROE                  :
                                    :
          Plaintiffs                :     CIVIL ACTION
                                    :
     vs.                            :     No. 10-cv-02140
                                    :
SMITHKLINE BEECHAM CORPORATION,     :
d/b/a GLAXOSMITHKLINE; and          :
GLAXOSMITHKLINE LLC,                :
                                    :
          Defendants.               :
```

**Joyner, J.**                                           **June 23, 2010**

### MEMORANDUM AND ORDER

This case has been brought before the Court on Defendant's Motion to Transfer (Doc. No. 2) and Plaintiff's Motion to Remand (Doc. No. 8).  For the reasons set forth in the attached Memorandum, Plaintiff's request shall be GRANTED.  As the Court grants Plaintiff's Motion to Remand, the Defendant's Motion to Transfer is DENIED.

### Background

Plaintiff, Thomas Monroe Jr., seeks damages for injuries allegedly resulting from the use of Lamictal, an FDA approved prescription drug manufactured by Defendant.  Plaintiff, Alvinia Monroe, seeks damages for loss of consortium.  Plaintiffs are residents of Brooklyn, New York.  On March 21, 2007, Mr. Monroe filled his prescription for Lamictal.  On April 13, 2007, he was

admitted to the Staten Island University Hospital for alleged injuries including "lesions and burns," "loss or damaged eyesight," "permanent damage to internal organs," "Stevens Johnson Syndrome" and "Toxic Epidermal Necrolysis syndrome." After over a month in the hospital, Plaintiff's physician advised him that Lamictal was the cause of his injuries.

Defendant, SmithKline Beecham Corporation, was a Pennsylvania Corporation that changed its domicile from Pennsylvania to Delaware on October 27, 2009.  On that date it formed as Defendant GlaxoSmithKline, LLC, a Delaware limited liability company (collectively "GSK").  Though GSK is incorporated in Delaware, it conducts its business operations from its Philadelphia office, located at One Franklin Plaza, P.O Box 7929, Philadelphia PA 19101.  GSK is the manufacturer of Lamictal and its generic equivalent Lamotrigine.  GSK's unit responsible for producing Lamictal is located in North Carolina.

Plaintiff filed this action in the Court of Common Pleas of Philadelphia County, Pennsylvania on April 28, 2010.  Defendant then removed this case to federal court on May 10, 2010. Plaintiffs have now filed a Motion to Remand to the Court of Common Pleas of Philadelphia County.

## **Standard of Review**

Federal Courts have "limited jurisdiction" and "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Upon a plaintiff's motion, a District Court may remand any case not properly removed to federal court. 28 U.S.C. § 1447(c). A plaintiff challenging removal on any ground other than subject matter jurisdiction must file his motion to remand within thirty days after removal. Id.; Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 613 (3d Cir. 2003).

The right to remove a case from state court "is entirely a creature of statute." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002). A case initially filed in state court "must remain there until cause is shown for its transfer under some act of Congress." Id. (quoting Great Norther R. Co. v. Alexander, 246 U.S. 276, 280). To that effect, 28 U.S.C. § 1441 is to be "strictly construed" against removal. Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Therefore, a District Court evaluating a motion to remand is to decide questions of substantive fact and uncertainties about the state of the law in the plaintiff's favor. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

**Discussion**

The Court grants Plaintiffs' Motion to Remand as GSK is a citizen of Pennsylvania and cannot properly remove a case brought in its own state's court and because Pennsylvania corporations remain subject to Pennsylvania State courts for two years after their dissolution.  Plaintiffs initially brought this action in the Philadelphia County Court of Common Pleas and allege no federal statutory or constitutional claim, only state tort claims.

**A. Removal in Violation of 28 U.S.C. § 1441(b)**

Under 28 U.S.C. § 1441(b), a case not "founded on a claim or right arising under the Constitution, treat[y], or law of the United States shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  For the purposes of § 1332 and § 1441, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The Supreme Court has very recently interpreted § 1332(c)(1)'s "principal place of business" language to mean a company's "Nerve Center," the location at which the company is controlled or directed.  Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192 (2010).  The typical location of a company's nerve center is

its corporate headquarters, "provided that the headquarters is the actual center of direction, control, and coordination." Id. A corporation may not remove a case from its Nerve Center state. See Hertz Corp., 130 S. Ct. at 1194 (explaining that a company is unable to remove a case from the state in which its Nerve Center is located).

As an initial matter, GSK's removal does not deprive this Court of diversity jurisdiction as Plaintiffs assert. Diversity jurisdiction is retained because Plaintiffs are citizens of New York, and GSK is a citizen of Delaware and Pennsylvania, and because the amount in controversy exceeds $75,000. However, GSK's removal may still suffer from a "procedural defect." See Korea Exch. Bank v. Trackwise Sales Corp., 66 F.3d 46, 51 (3d Cir. 1995) (holding that removal in violation of 28 U.S.C. § 1441(b), though defective, does not deprive a Federal Court of diversity jurisdiction).

Since Plaintiffs' motion alleges a procedural, not jurisdictional defect, and because they have filed their motion within the thirty days required by § 1447(c), the Court will now apply Hertz's Nerve Center Test to decide whether GSK has violated § 1441(b)'s prohibition against removal from the state court in which a defendant is a citizen.

5

Though GlaxoSmithKline, LLC is officially organized in the State of Delaware, Pennsylvania continues to be the organization's principal place of business, with Philadelphia as its "nerve center."  In its 2009 Annual Shareholder's Report filed with the United State Securities and Exchange Commission ("SEC"), GSK specifically lists Philadelphia as the headquarters of GlaxoSmithKline, LLC.  GlaxoSmithKline, plc, 2009 Annual Report 166-168(2009).  Philadelphia is not GSK's nominal headquarters, as the same report documents that nearly all of GSK's American business activities are directed there, including product development, exporting, marketing, production, research, service, and holding.  Id.; See Hertz Corp., 130 S. Ct. at 1192.

Additionally, GSK refers to Philadelphia as GlaxoSmithKline, LLC's "principal place of business" in two legal documents from recent cases.  In its own patent infringement lawsuit begun in February 2010, GSK affirmatively states that "GlaxoSmithKline, LLC is a Delaware limited liability company having a principal place of business at One Franklin Plaza, Philadelphia, Pennsylvania, 19102."  Complaint at 2-3, Glaxo Group Ltd. v. Genentech, Inc., 2010 WL 1445666, No. 10-2764 (N.D. Cal. 2010).  And in answering a complaint in May 2010, GSK admits that its Philadelphia office is GlaxoSmithKline, LLC's "principal place of

business."  Answer at 2, <u>Biogen Idec, Inc. v. GlaxoSmithKline, LLC</u>, No. 10-0608 (S.D. Cal. 2010).

Considering GSK's SEC Report listing Philadelphia as the headquarters of GlaxoSmithKline, LLC and the 2010 cases in which GSK calls Philadelphia GlaxoSmithKline, LLC's "principal place of business," and deciding questions of substantive fact in favor of the Plaintiffs, Philadelphia is GSK's "nerve center."  For this reason, GSK is a "citizen" of both Delaware, its state of incorporation, and Pennsylvania, its principal place of business. <u>See</u> 28 U.S.C. § 1332(c)(1); <u>Hertz Corp.</u>, 130 S. Ct. at 1192, 1194.  As a citizen of Pennsylvania, GSK violated 28 U.S.C. § 1441(b) when it removed this case from the Philadelphia County Court of Common Pleas.

**B. 15 Pa. Cons. Stat. Ann. § 1979.**

Even if Philadelphia were not GSK's nerve center, Pennsylvania State Court would be the proper setting for this case as Pennsylvania statutory law permits plaintiffs to bring dissolved Pennsylvania corporations to its courts.  Under 15 Pa. Cons. Stat. Ann. § 1979(a)(2), dissolution of a Pennsylvania corporation "shall not impair any remedy available to or against the corporation or its directors . . . for any right or claim existing, or liability incurred, prior to the dissolution, if an action or proceeding thereon is brought on behalf of: any other

person before or within two years after the date of the dissolution."

Though SmithKline Beecham Corporation dissolved its status as a Pennsylvania corporation, Plaintiffs may still bring their claim against the corporation.  Plaintiffs' injuries occurred between March and May of 2007, a period of time before SmithKline Beecham dissolved.  Also, Plaintiffs bring their claim less than two years after SmithKline Beecham's dissolution, as that corporation was dissolved on October 27, 2009.  Given that Plaintiffs' claim meets the injury and time requirements imposed by 15 Pa. Cons. Stat. Ann. § 1979, GSK must stand as a defendant in its former state of incorporation.

## Conclusion

After applying the Nerve Center test laid out in Hertz Corp. the Court determines that Philadelphia is the location of GlaxoSmithKline, LLC's principal place of business.  As such, GSK is a "citizen" of Pennsylvania.  Therefore, when GSK removed this case from the Philadelphia County Court of Common Pleas it did so in violation of 28 U.S.C. § 1441(b).  Alternatively, Pa. Cons. Stat. Ann. § 1979 allows dissolved Pennsylvania corporations to be brought into Pennsylvania courts within two years after their dissolution.  For these reasons, the Defendant's Motion to

Transfer is denied and the Plaintiffs' Motion to Remand is granted.

An order follows.