**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THOMAS MONROE, JR.**<br>**And ALVINIA MONROE,**<br><br>  **Plaintiffs,**<br><br>  **v.**<br><br>**SMITHKLINE BEECHAM CORPORATION**<br>**d/b/a GLAXOSMITHKLINE; and**<br>**GLAXOSMITHKLINE LLC,**<br><br>  **Defendant.** | **Civil Action No. 2:10-cv-02140** |

## DEFENDANT GLAXOSMITHKLINE LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR RELIEF FROM ORDER

Today, within minutes of the filing of GlaxoSmithKline LLC ("GSK LLC")'s  Response in Opposition to Plaintiffs' Motion to Remand and related Memorandum in Opposition to Plaintiffs' Motion—and well within the time period provided for such a Response—this Court entered a Memorandum and Order granting Plaintiffs' Motion to Remand.  This Court therefore did not have the benefit of GSK LLC's opposition papers, which explained the legal flaws and factual errors in Plaintiffs' Motion to Remand.

Plaintiffs' Motion to Remand and this Court's Memorandum and Order reflect a misunderstanding of the relevant law determining the citizenship of a limited liability company, such as GSK LLC, which is not by the LLC's "principal place of business," but rather the citizenship of its member—in this case, GlaxoSmithKline Holdings (Americas) Inc., which is incorporated in Delaware and has its principal place of business in Delaware. *See, e.g.*, *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).  GlaxoSmithKline Holdings

(Americas)—and therefore GSK LLC—is a citizen of Delaware – not Pennsylvania – and so removal cannot be defeated by the resident-defendant rule set forth in 28 U.S.C. § 1441(b).

Further, Plaintiffs' Motion and the Court's Order misinterpret Pennsylvania law as to the events related to SmithKline Beecham's corporate conversion into a Delaware limited-liability company. SmithKline Beecham did not "dissolve" under Section 1979, the statute Plaintiff cites. It "domesticated itself under the laws of another jurisdiction" as specifically provided in Section 1980. The purpose of Section 1979 – that creditors or other plaintiffs remain able to sue the corporate entity – has no application here because the Pennsylvania corporation did not "dissolve," but rather converted into a Delaware limited-liability company that can still be sued. *See Am. Optical Co. v. Phila. Elec. Co.*, 228 F. Supp. 293, 295 (E.D. Pa. 1964).

Because this Court did not have the benefit of GSK LLC's Response and Memorandum in Opposition to Plaintiffs' Motion to Remand before entering this Order, and because of the manifest injustice that would result from an improper remand in this case, GSK LLC requests that this Court reconsider its Memorandum and Order and review GSK LLC's opposition papers before reaching a final conclusion in this matter. *See, e.g.*, *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307 (2d Cir. 2005) (holding that district court may reconsider motion to remand based on

forum-defendant rule); *see also Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217 (3d. Cir. 1995) (remand order is not self-executing).

Respectfully submitted,

/s/ Ellen Rosen Rogoff
Ellen Rosen Rogoff
Daniel T. Fitch
Leslie M. Greenspan
Pa. Attorney Nos. 43468, 53717, 91639
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000

Brian P. Johnson
JOHNSON, TRENT, WEST & TAYLOR, L.L.P.
919 Milam Street, Suite 1700
Houston, TX  77002
(713) 222-2323
*Admitted Pro Hac Vice*

Madeleine McDonough
SHOOK, HARDY & BACON L.L.P.
1155 F Street, NW, Suite 200
Washington, D.C.  20004-1305
(202) 639-5600
*Admitted Pro Hac Vice*

Attorneys for Defendant, GlaxoSmithKline LLC

Dated:  June 25, 2010

Of Counsel:

Timothy A. Thelen, Esquire
Assistant General Counsel
GlaxoSmithKline LLC
5 Moore Drive
Research Triangle Park, NC  27709

## CERTIFICATE OF SERVICE

I, Ellen Rosen Rogoff, Esquire, hereby certify that on June 25, 2010, I caused a

true and correct copy of the foregoing Defendant GlaxoSmithKline LLC's Memorandum in

Support of Its Motion for Relief from Order to be filed with the Court via the Electronic Court

Filing system.  The document is available for review and downloading on the Electronic Court

Filing system and such electronic filing automatically generates a Notice of Electronic Filing

constituting service of the filed document on all counsel of record identified on the docket and

listed below:


Lee B. Balefsky, Esquire
Michelle Tiger, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102

Justin G. Witkin, Esquire
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
803 North Palafox Street
Pensacola, FL  32564

*Attorneys for Plaintiff*


/s/ Ellen Rosen Rogoff
Ellen Rosen Rogoff

4