IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS MONROE, JR.<br>And ALVINIA MONROE,<br><br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION<br>d/b/a GLAXOSMITHKLINE; and<br>GLAXOSMITHKLINE LLC,<br><br>Defendant. | Civil Action No. 2:10-cv-02140 |

## DEFENDANT GLAXOSMITHKLINE LLC'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF ITS MOTION FOR RELIEF FROM ORDER

GlaxoSmithKline LLC ("GSK LLC") files this supplemental submission in support of its Motion for Relief from Order to clarify that this Court still has jurisdiction to reconsider the Order granting Plaintiffs' Motion to Remand, and that there are additional, important reasons for this Court to reconsider its Order.[1] As more fully explained in GSK LLC's Amended Memorandum in Opposition to Plaintiffs' Motion to Remand, because Plaintiffs filed their Motion to Remand more than 30 days after GSK LLC filed its Notice of Removal, remand is not proper under 28 U.S.C. § 1447(c). Moreover, because remand was not subject to 28 U.S.C. §1447(c), section 1447(d) does not prohibit this Court from reconsidering its decision.

Plaintiffs' Motion to Remand—and this Court's Order—is based on the assertion that GSK LLC is a citizen of Pennsylvania, and therefore removal by a resident defendant was not proper under 28 U.S.C. §1441(b). As acknowledged by this Court, Plaintiffs' argument was that

---

[1] GSK LLC's Motion for Relief from Order was filed within hours of the Court's decision on Friday, June 25, 2010. This supplemental submission one business day later is similarly timely under Federal Rule of Civil Procedure 60 and Local Rule of Civil Procedure 7.1(g).

removal was not procedurally proper, rather than claiming a defect in subject matter jurisdiction. Memorandum and Order at 5. Therefore, under 28 U.S.C. § 1447(c), Plaintiffs had to file a motion to remand within 30 days of the Notice of Removal, which was filed on May 10, 2010. Each time this Court has addressed this issue since 2004, it has held that plaintiffs have 30 days—and 30 days only—from the filing of the notice of removal in which to file a motion to remand. *See Ramos v. Quien*, 631 F. Supp. 2d 601, 609 (E.D. Pa. 2008) (Baylson, J.) (motion to remand filed 31 days after removal was untimely because the 30-day period to file a motion to remand under section 1447(c) is not extended by Federal Rule of Civil Procedure 6(d), as the period to file a motion to remand commences when the defendant files a notice of removal, not when the notice is served) (providing comprehensive analysis of Rule 6 and rejecting previous case law from 1992 and 1995); *Brown v. Modell's PA II, Inc.*, CIV. A. 08-1528 (E.D. Pa. July 1, 2008) (Yohn, J.) (same); *In re Diet Drugs*, No. Civ.A. 03-20614, 2004 WL 2062894, *2 (E.D. Pa. Sept. 14, 2004) (Bartle, C. J.) (same). In fact, Plaintiffs filed their Motion to Remand on June 10, 2010—31 days later. Plaintiffs have therefore waived the alleged procedural defect in this case, and remand was not proper under 28 U.S.C. § 1447(c):

> Because removal by a forum defendant in non-compliance with section 1441(b) does not deprive a federal court of subject matter jurisdiction, it is clear under section 1447(c) that this irregularity must be the subject of a motion to remand within 30 days after filing the notice of removal. . . . It follows ineluctably that the district court in this case had no statutory authority to issue the remand order after the 30-day period because the defect was in the removal procedure rather than a lack of subject matter jurisdiction, which could be raised at any time.

*Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50-51 (3d Cir. 1995).

It is well established where remand is not sanctioned by 28 U.S.C. § 1447(c), the prohibition against reconsideration or appeal of a remand order set out in 28 U.S.C. § 1447(d)

does not apply. *Thermtron Prod., Inc. v. Hermansdorfer*, 423 U.S. 336, 346 (1976) ("[Only remand orders issued under § 1447(c) . . . are immune from review under § 1447(d)"); *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 613 (3d Cir. 2003); *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 448-49 (3d Cir. 2000); *Korea Exch. Bank*, 66 F.3d at 48, 51; *see also Shapiro v. Logistec USA, Inc.*, 412 F.3d 307 (2d Cir. 2005) (holding that district court may reconsider motion to remand where motion was not timely filed and asserted improper removal by a resident defendant).

Because remand was improper under 28 U.S.C. § 1447(c), this Court has the authority to reconsider its Order and deny Plaintiffs' untimely-filed Motion to Remand.

Respectfully submitted,

/s/ Ellen Rosen Rogoff
Ellen Rosen Rogoff
Daniel T. Fitch
Leslie M. Greenspan
Pa. Attorney Nos. 43468, 53717, 91639
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000

Brian P. Johnson
JOHNSON, TRENT, WEST & TAYLOR, L.L.P.
919 Milam Street, Suite 1700
Houston, TX  77002
(713) 222-2323
*Admitted Pro Hac Vice*

Madeleine McDonough
SHOOK, HARDY & BACON L.L.P.
1155 F Street, NW, Suite 200
Washington, D.C.  20004-1305
(202) 639-5600
*Admitted Pro Hac Vice*

Attorneys for Defendant, GlaxoSmithKline LLC

<u>Of Counsel</u>:

Timothy A. Thelen, Esquire
Assistant General Counsel
GlaxoSmithKline LLC
5 Moore Drive
Research Triangle Park, NC  27709


Dated:  June 28, 2010

## CERTIFICATE OF SERVICE

I, Ellen Rosen Rogoff, Esquire, hereby certify that on June 28, 2010, I caused a true and correct copy of the foregoing Defendant GlaxoSmithKline LLC's Supplemental Submission in Support of Its Motion for Relief from Order to be filed with the Court via the Electronic Court Filing system. The document is available for review and downloading on the Electronic Court Filing system and such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document on all counsel of record identified on the docket and listed below:

Lee B. Balefsky, Esquire
Michelle Tiger, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102

Justin G. Witkin, Esquire
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
803 North Palafox Street
Pensacola, FL  32564

*Attorneys for Plaintiff*

/s/Ellen Rosen Rogoff
Ellen Rosen Rogoff