IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS MONROE, JR. and ALVINIA MONROE, <br><br> Plaintiffs, <br> v. <br><br> SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, <br><br> Defendant. | : <br> : <br> : <br> : <br> : Civil Action No.: 10-cv-02140 <br> : <br> : <br> : <br> : <br> : |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF FROM ORDER

Plaintiffs THOMAS MONROE, JR. and ALVINIA MONROE respectfully file their Response in Opposition to Defendant's Motion for Relief from Order. As set forth below, Defendants' Motion should be denied because this Court lacks jurisdiction over this case, and also because Defendant has not made arguments appropriate for reconsideration of the Court's Order remanding this case to the Philadelphia County Court of Common Pleas.

### PROCEDURAL BACKGROUND

This matter was initially commenced in the Philadelphia County Court of Common Pleas of Philadelphia County and removed to this Honorable Court pursuant to Defendant's Notice of Removal filed on May 10, 2010. (Dkt. 1).

On June 10, 2010, Plaintiffs filed a Motion to Remand the case to state court. On June 25, 2010, Defendants filed a response that was one-day late under this Court's local rules. (Dkt. 11) Later that day, this Honorable Court granted the remand motion and remanded the case by mailing copies of the remand order to the Philadelphia County Court of Common Pleas. (Dkt.

15) Defendant thereafter filed a Motion for Relief of the Court's June 25, 2010 Order. (Dkt.16). This response ensues.

## ARGUMENT

### I. THIS COURT LACKS JURISDICTION TO ADDRESS THE DEFENDANT'S MOTION UNDER 28 U.S.C. § 1447(d).

Defendant's instant motion, which amounts to a motion for reconsideration, should be denied for several reasons. The first is that the Court lacks jurisdiction to consider the motion now that the remand order has been entered and certified copies sent to the Philadelphia County Court of Common Pleas. The legal framework for this result is established by 28 U.S.C. §1447(d), which provides in pertinent part:

> An order remanding a case to the State court from which it was removed *is not reviewable on appeal or otherwise*, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.
> 28 U.S.C. §1447(d) (emphasis added).

28 U.S.C. § 1447(d). Building on the statute, the Court's lack of jurisdiction is confirmed by *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217 (3rd Cir. 1995), in which the Third Circuit explained that a district court loses jurisdiction once it has completed a remand by sending a certified copy of the remand order to the state court. *Id.* at 1225. "This view is premised on both the language of § 1447(c) and (d) and the need to establish a determinable jurisdictional event after which the state court can exercise control over the case without fear of further federal interference." *Id.* Significantly, the Court also stated that "[t]he district court is also barred from reconsidering its decision if the remand was under § 1447(c) and the case thereby falls under the bar of § 1447(d). But the physical mailing of the certified copy is the key jurisdictional event to divest the district court of jurisdiction, because a remand order is not self-executing." *Id.* (citations omitted).

In the instant case, the Court's relied on 28 U.S.C. §§ 1447(c) and (d) as the basis for remand. The inquiry thus turns to whether this Court mailed the remand order to the Court of Common Pleas of Philadelphia County before Defendant filed the instant motion. Copies of this Court's Order and Memorandum were mailed to the Court of Common Pleas on June 25, 2010 as reflected in docket entry 15:

| 06/25/2010 | 15 | MEMORANDUM AND/OR OPINION ORDER THAT THE PLAINTIFF'S MOTION TO REMAND (DOC. NO.8) IS GRANTED AND THE DEFENDANT'S MOTION TO TRANSFER (DOC. NO.2) IS DENIED. SIGNED BY HONORABLE J. CURTIS JOYNER ON 6/23/2010. 6/25/2010 ENTERED AND COPIES MAILED TO COURT OF COMMON PLEAS, E-MAILED.(kk, ) (Entered: 06/25/2010) |
|---|---|---|

Defendant did not file the instant motion until after the district court had remanded the case. Because the Court already had remanded the case, it divested itself of jurisdiction to decide the motion, which therefore must be denied.

## II. DEFENDANT IMPROPERLY REHASHES PRIOR ARGUMENTS OR RAISES ISSUES THAT COULD HAVE BEEN RAISED PREVIOUSLY.

Defendant principally argues that it is not a Pennsylvania resident because it merely "converted" itself into a Delaware entity and did not dissolve the Pennsylvania corporation. These arguments were presented in Defendant's opposition to the remand motion. Any argument not presented could have been presented in that opposition. While Defendant seeks only that second bite at the apple, such is emphatically not the purposes of a reconsideration motion. A district court emphasized these points in *Petruzzi v. Darlington-Delaware Co., Inc.*, 983 F. Supp. 595 (M.D. Pa. 1996):

> The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A mere disagreement with the court does not translate into a clear error of law. A motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Instead, a motion for reconsideration is appropriate

3

where the court has patently misunderstood a party or where there has been a significant change in the law or facts since the court originally ruled on the issue.

*Petruzzi*, 983 F. Supp. at 612 (citations omitted) Further, "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, 2006 WL 529044 at *2 (M.D. Pa. March 3, 2006). Defendant's failure to make any argument appropriate in the reconsideration context provides further basis for denying the instant motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Motion for Relief from Order be denied.

Respectfully submitted,

BY: *(signature: Charles L. Becker)*

Lee B. Balefsky, Esq.
Thomas R. Kline, Esq.
Michelle L. Tiger, Esq.
Charles L. Becker, Esq.
*Kline & Specter, P.C.*
1525 Locust Street, 19th Floor
Philadelphia, PA 19107
Phone: (215) 772-0420
ATTORNEYS FOR PLAINTIFF
*Local Counsel*

Douglass A. Kreis, Esq.
Justin G. Witkin, Esq.
*Aylstock, Witkin, Kreis & Overholtz, PLLC*
803 N. Palafox Street
Pensacola, FL 32501
Phone: (850) 916-7450
ATTORNEYS FOR PLAINTIFF
*Pro Hac Vice to be Submitted*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically this 2nd day of July, 2010, and that notification will be provided to the following parties of record by Electronic Mail Notice (ECF):

Ellen Rosen Rogoff, Esq.
Daniel T. Fitch, Esq.
Leslie M. Greenspan, Esq.
*Stradley, Ronon, Stevens & Young, LLP*
1600 One Commerce Square
Philadelphia, PA 19103-7098
Phone: (215) 564-8000

Brian P. Johnson, Esq.
*Johnson, Tent, West & Taylor, LLP*
919 Milam Street, Suite 1700
Houston, TX 77002
Phone: (713) 222-2323

Madeline McDonough, Esq.
*Shook, Hardy & Bacon, LLP*
1155 F. Street N.W., Suite 200
Washington, DC 20004-1305
Phone: (202) 639-5600

Timothy A. Thelan, Esq.
Assistant General Counsel
GlaxoSmithKline, LLC
5 Moore Drive
Research Triangle Park, NC 27709

ATTORNEYS FOR DEFENDANT

_____
Charles L. Becker, Esq.