IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS MONROE, JR.<br>And ALVINIA MONROE,<br><br>       Plaintiffs,<br><br>    v.<br><br>SMITHKLINE BEECHAM CORPORATION<br>d/b/a GLAXOSMITHKLINE; and<br>GLAXOSMITHKLINE LLC,<br><br>       Defendant. | Civil Action No. 2:10-cv-02140 |

## DEFENDANT GLAXOSMITHKLINE LLC'S REPLY IN SUPPORT
## OF ITS MOTION FOR RELIEF FROM ORDER

In their Response in Opposition to GlaxoSmithKline LLC's ("GSK LLC") Motion for

Relief from Order, Plaintiffs now incorrectly argue that this Court lacks jurisdiction to reconsider

its decision. This Court does have jurisdiction for the following reasons:

    1.     Plaintiff's Motion to Remand was untimely because it was filed outside of the 30-

day time period prescribed by 28 U.S.C. § 1447(c). Therefore, this Court's jurisdiction is not

limited by 28 U.S.C. § 1447(d). *See Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 616 (3d

Cir. 2003) (finding that 1447(d) does not bar review of a remand order based on an untimely

motion); *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50-51 (3d Cir.

1995) (finding that a motion to remand based on the forum-defendant rule must be filed within

30 days of removal).[1]

---

[1]    As explained in GSK LLC's Amended Memorandum in Opposition to Plaintiffs' Motion to Remand, Plaintiffs filed their motion 31 days after GSK LLC filed its Notice of Removal. Plaintiffs' time to file a motion to remand was not extended by Federal Rule of Civil Procedure 6(d), as the period to file a motion to remand commences when the defendant *files* a notice of removal, not when the motion is *served. See* Doc. 17 at 6.

2.       Because remand was never authorized by 28 U.S.C. § 1447(c), this Court has the authority to reconsider its order and deny Plaintiffs' untimely-filed Motion to Remand.  Further, the issue of Plaintiffs' untimely filing has not been addressed by the Plaintiffs, nor the Court (which did not have Defendant's responsive filings before it at the time of signing of the order).

3.       GSK LLC's opposition papers were timely filed and warrant consideration by the Court.  Plaintiffs filed their Motion to Remand on June 10, 2010.  Local Rule 7.1(c) allows a party to file an opposition within 14 days after service of a motion.  Federal Rule of Civil Procedure 6(d) and Local Rule 5.1.2.(8)(e) extend the time to respond when service is made by certain means, including by mail or by electronic means.  Thus, GSK LLC's response was timely filed before the deadline on June 28.[2]

4.       When GSK, LLC filed its Motion for Relief from Order on June 25, 2010, the Court docket did not reflect the mailing of a certified copy (or otherwise) of the Court's remand order to the state court.  *See* Exhibit 1 attached hereto (consisting of a print-out of the <u>Monroe</u> docket as of June 25, 2010).  Accordingly, when filed, the Motion for Relief was timely based on the information made available by the Court.  *See Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 226 (3d Cir. 1995) (noting that the district court loses jurisdiction "after sending a *certified* copy of the order of remand to the state court") (emphasis added).  Indeed, even as of June 28, 2010, the docket did not reflect a mailing of any copy of the order to the state court. (Exhibit 2, <u>Monroe</u> docket as of June 28, 2010).  Further, the docket entry cited by Plaintiffs

---

[2]    Because the last day fell on Sunday, June 27, the period was extended to the next day.  *See* Fed. R. Civ. P. 6(a)(1)(C).

does not indicate that a certified copy of the order was mailed before GSK LLC filed its Motion

for Relief from Order.

Respectfully submitted,

/s/ Ellen Rosen Rogoff
Ellen Rosen Rogoff
Daniel T. Fitch
Leslie M. Greenspan
Pa. Attorney Nos. 43468, 53717, 91639
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000

Brian P. Johnson
JOHNSON, TRENT, WEST & TAYLOR, L.L.P.
919 Milam Street, Suite 1700
Houston, TX  77002
(713) 222-2323
Admitted Pro Hac Vice

Madeleine McDonough
SHOOK, HARDY & BACON L.L.P.
1155 F Street, NW, Suite 200
Washington, D.C.  20004-1305
(202) 639-5600
Admitted Pro Hac Vice

Attorneys for Defendant, GlaxoSmithKline LLC

Dated:  July 2, 2010

Of Counsel:

Timothy A. Thelen, Esquire
Assistant General Counsel
GlaxoSmithKline LLC
5 Moore Drive
Research Triangle Park, NC  27709

## CERTIFICATE OF SERVICE

I, Ellen Rosen Rogoff, Esquire, hereby certify that on July 2, 2010, I caused a true and correct copy of the foregoing Defendant GlaxoSmithKline LLC's Reply in Support of Its Motion for Relief from Order to be filed with the Court via the Electronic Court Filing system. The document is available for review and downloading on the Electronic Court Filing system and such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document on all counsel of record identified on the docket and listed below:

> Lee B. Balefsky, Esquire
> Charles L. Becker, Esquire
> Michelle Tiger, Esquire
> KLINE & SPECTER, P.C.
> 1525 Locust Street, 19th Floor
> Philadelphia, PA  19102
>
> Justin G. Witkin, Esquire
> AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
> 803 North Palafox Street
> Pensacola, FL  32564
>
> *Attorneys for Plaintiff*

> /s/ Ellen Rosen Rogoff
> Ellen Rosen Rogoff