IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS MONROE, JR. and ALVINIA MONROE, <br><br>  Plaintiffs, <br> v. <br><br> SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, <br><br>  Defendant. | : <br> : <br> : <br> : <br> : <br> : Civil Action No.: 10-cv-02140 <br> : <br> : <br> : <br> : <br> : <br> : |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S
MOTION FOR RELIEF FROM ORDER**

Plaintiffs THOMAS MONROE, JR. and ALVINIA MONROE respectfully file their Surreply to in Opposition Defendant's Motion for Relief from Order. Defendant has argued in the instant motion that Plaintiff's remand motion should have been denied as untimely filed under 28 U.S.C. § 1441(c). This argument should be rejected and the Order granting Plaintiff's remand motion left undisturbed consistent with the doctrine of excusable neglect, as further set forth below.

**ARGUMENT**

The doctrine of excusable neglect is well established in federal practice and may excuse lateness in filing of documents. Under Fed. R. Civ. P. 6(b), "courts are permitted, where appropriate, to accept late filings caused by inadvertence, mistake, carelessness, as well as by intervening circumstances beyond a party's control." *In Re Cendant Cor. Prides Litig.*, 233 F.3d 188, 196 (3d Cir. 2000). As the Supreme Court also has explained, "[d]etermining whether ["Plaintiffs"] conduct constitutes excusable neglect requires an analysis of the prevailing equities, taking account of all the relevant circumstances surrounding the [Plaintiffs'] omission.

*Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 395 (1993). The factors to be considered include (1) the danger of prejudice to Defendant; (2) the length of delay and its potential impact on the judicial proceedings; (3) the reason for the delay; and (4) the presence or absence of good faith by the Plaintiffs. *Id.* Significantly, excusable negligence has been characterized as an "elastic" concept" that is not limited strictly to omissions caused by circumstances beyond the control of movant. Rather, it may encompass delays "caused by inadvertence, mistake, or carelessness," especially when the delay was not long, there as no bad faith, there was no prejudice to the opposing party, and movant's excuse has some merit. *See id. at* 388, 394-95. Of course, the determination of whether neglect in a particular case is excusable rests within the discretion of the district judge. *Graham v. Pennsylvania R.R.,* 342 F.2d 914 (D.C. Cir. 1964).

Federal Courts in Pennsylvania have applied excusable neglect analysis in the context of an untimely motion to remand. *See Seville v. Stowitzky* 2009 WL 722274 (March 17, 2009 E.D. Pa. 2009) (untimely filing accepts where pro se litigant signed the pleading timely but filed it late); *Ramos v. Quien* 631 F. Supp.2d 601, 610 (E.D. Pa. 2008) (excessive workload of attorney did not amount to excusable neglect).

The doctrine of excusable neglect may apply to this remand motion as well. If so, it should be underscored that any prejudice to Defendants by granting Plaintiffs' motion is minimal at best. The claims asserted by Plaintiffs will be adjudicated in one forum or another. Defendant has actual knowledge of Plaintiffs' claims and will have the opportunity to defend against the same without interruption.

Second, as the remand motion was purportedly filed only one-day late, the purported delay will not diminish judicial efficiency or impede the just resolution of claims. *See Orthopedic Bone Screw Products Liability Litig.*, 246 F.3d 315, 325 (3d Cir. 2001).

Third, as to the reason for the purported delay, the instant action is one of three cases filed by undersigned counsel relating to the same drug, the same manufacturer, and the same type of injury. The two additional matters are *Ford v. Smithkline Beecham Corp.*, No. 2:10-cv-02139 (E.D. Pa.), and *White v. Smithkline Beecham Corp.*, No. 2:10-cv-02141 (E.D. Pa.). When Plaintiffs' counsel at Aylstock, Witkin, Kreis & Overholtz, PLC received the electronic notices of removal in these three matters, the calendaring clerk, Cara Brumfield, advertently calendared the deadline for filing a remand motion as May 11, 2010 based off of the electronic notice received by the firm. *See* Dkt 1 and the Affidavit of Cara Brumfield, attached as Exhibits "A" and "B" hereto. Because the firm received its notice one day after the notice of removal was filed, that 30-day deadline was actually one day late. The remand motion in this case was intended to be filed on the thirtieth day after removal but was filed on the thirty-first instead. Respectfully, this inadvertence does not rise to professional incompetence or a complete lack of diligence such as would warrant rejection of the excusable neglect framework. *See Bone Screw*, 246 F.3d at 323; *In Re Cendant Prides Litig.*, 233 F.3d 188, 196 n.8 (3d Cir. 2000).

Finally, as set forth above, and despite any possible assertion to the contrary, Plaintiffs and their counsel exercised good faith when attempting to secure the proper remand of this matter.

## CONCLUSION

For the foregoing reasons, and for those set forth in Plaintiff's Response in Opposition, Plaintiff respectfully asks that this Court deny Defendant's Motion for Relief from Order.

Respectfully submitted,

BY: */s/ Charles L. Becker*
Lee B. Balefsky, Esq.
Thomas R. Kline, Esq.
Michelle L. Tiger, Esq.
Charles L. Becker, Esq.
*Kline & Specter, P.C.*
1525 Locust Street, 19th Floor
Philadelphia, PA 19107
Phone: (215) 772-0420
ATTORNEYS FOR PLAINTIFF
*Local Counsel*

Douglass A. Kreis, Esq.
Justin G. Witkin, Esq.
*Aylstock, Witkin, Kreis & Overholtz, PLLC*
803 N. Palafox Street
Pensacola, FL 32501
Phone: (850) 916-7450
ATTORNEYS FOR PLAINTIFF
*Pro Hac Vice to be Submitted*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically this 9th day of July, 2010, and that notification will be provided to the following parties of record by Electronic Mail Notice (ECF):

Ellen Rosen Rogoff, Esq.
Daniel T. Fitch, Esq.
Leslie M. Greenspan, Esq.
*Stradley, Ronon, Stevens & Young, LLP*
1600 One Commerce Square
Philadelphia, PA 19103-7098
Phone: (215) 564-8000

Brian P. Johnson, Esq.
*Johnson, Tent, West & Taylor, LLP*
919 Milam Street, Suite 1700
Houston, TX 77002
Phone: (713) 222-2323

Madeline McDonough, Esq.
*Shook, Hardy & Bacon, LLP*
1155 F. Street N.W., Suite 200
Washington, DC 20004-1305
Phone: (202) 639-5600

Timothy A. Thelan, Esq.
Assistant General Counsel
GlaxoSmithKline, LLC
5 Moore Drive
Research Triangle Park, NC 27709

ATTORNEYS FOR DEFENDANT

_____
Charles L. Becker, Esq.