**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS MONROE, JR.<br>And ALVINIA MONROE,<br><br>      Plaintiffs,<br><br>    v.<br><br>SMITHKLINE BEECHAM CORPORATION<br>d/b/a GLAXOSMITHKLINE; and<br>GLAXOSMITHKLINE LLC,<br><br>      Defendant. | Civil Action No. 2:10-cv-02140 |

**DEFENDANT GLAXOSMITHKLINE LLC'S SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF ITS MOTION FOR RELIEF FROM ORDER**

Defendant GlaxoSmithKline LLC ("GSK LLC") submits the Order entered by Judge Fullam in *Ford v. SmithKline Beecham Corp.*, No. 10-2139 (July 9, 2010), as supplemental authority in support of its Motion for Relief from Order. In *Ford* and in the instant case, the plaintiffs filed identical motions to remand 31 days after GSK LLC filed its Notice of Removal. Recognizing that the plaintiff had 30 days to file her remand motion and that Federal Rule of Civil Procedure 6(d) did not extend the time period prescribed by 28 U.S.C. § 1447(c), Judge Fullam denied the plaintiff's motion to remand as untimely and granted GSK LLC's unopposed motion to transfer venue to the United States District Court for the Northern District of Georgia (the plaintiff's home jurisdiction). A copy of Judge Fullam's Order is attached as Exhibit A.

Within hours of Judge Fullam's decision denying remand in *Ford*, plaintiffs in the instant case filed a Sur-Reply in Opposition to GSK LLC's Motion for Relief from Order. In the Sur-Reply, plaintiffs argue for the first time that they missed the deadline for filing their motion to

remand due to excusable neglect.[1]  The briefing chronology illustrates the transparency of this 11th-hour argument.  On June 28, GSK LLC filed: (1) an Amended Memorandum in Opposition to Plaintiffs' Motion to Remand; and (2) a Supplemental Submission in Support of Its Motion for Relief.  In both documents, GSK LLC explained that plaintiffs failed to file their remand motion within the time period prescribed by 28 U.S.C. § 1447(c).  Four days later, on July 2, plaintiffs filed their Opposition to GSK LLC's Motion for Relief – failing to acknowledge or account for their untimely motion and saying absolutely nothing about excusable neglect.  The suggestion of excusable neglect is further undercut by the fact that, two days before filing the remand motion in this case, the same plaintiffs' attorneys timely filed an identical motion to remand in *White v. GSK LLC,* No. 10-2141.  The Court should reject plaintiffs' hollow argument filed on the heels of Judge Fullam's denial of remand and instead grant GSK LLC's Motion for Relief from Order and transfer the case.

---

[1] As Plaintiffs note, the Eastern District of Pennsylvania similarly denied a motion to remand that was filed 31 days after the filing of the Notice of Removal and refused to allow additional time under the "excusable neglect" doctrine.  *See Ramos v. Quien*, 631 F. Supp. 2d 601, 608-610 (E.D. Pa. 2008).

        Respectfully submitted,

        /s/ Daniel T. Fitch
        Ellen Rosen Rogoff
        Daniel T. Fitch
        Leslie M. Greenspan
        Pa. Attorney Nos. 43468, 53717, 91639
        STRADLEY, RONON, STEVENS & YOUNG, LLP
        2600 One Commerce Square
        Philadelphia, PA  19103-7098
        (215) 564-8000

        Brian P. Johnson
        JOHNSON, TRENT, WEST & TAYLOR, L.L.P.
        919 Milam Street, Suite 1700
        Houston, TX  77002
        (713) 222-2323
        *Admitted Pro Hac Vice*

        Madeleine McDonough
        SHOOK, HARDY & BACON L.L.P.
        1155 F Street, NW, Suite 200
        Washington, D.C.  20004-1305
        (202) 639-5600
        *Admitted Pro Hac Vice*

        Attorneys for Defendant, GlaxoSmithKline LLC

Dated:  July 9, 2010


Of Counsel:

Timothy A. Thelen, Esquire
Assistant General Counsel
GlaxoSmithKline LLC
5 Moore Drive
Research Triangle Park, NC  27709

**CERTIFICATE OF SERVICE**

I, Daniel T. Fitch, Esquire, hereby certify that on July 9, 2010, I caused a true and correct copy of the foregoing Defendant GlaxoSmithKline LLC's Supplemental Authority in Support of its Motion for Relief from Order to be filed with the Court via the Electronic Court Filing system. The document is available for review and downloading on the Electronic Court Filing system and such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document on all counsel of record identified on the docket and listed below:

Lee B. Balefsky, Esquire
Michelle Tiger, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102

Justin G. Witkin, Esquire
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
803 North Palafox Street
Pensacola, FL  32564

*Attorneys for Plaintiffs*

/s/ Daniel T. Fitch
Daniel T. Fitch