**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS MONROE, JR.<br>and ALVINIA MONROE | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| vs. | : | No. 10-cv-02140 |
| | : | |
| SMITHKLINE BEECHAM CORPORATION,<br>d/b/a GLAXOSMITHKLINE; and<br>GLAXOSMITHKLINE LLC, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this    20th    day of July, 2010, upon consideration of Defendants' Motion for Relief from Order (Doc. No. 16), Plaintiffs' Response in Opposition to Defendants' Motion for Relief (Doc. No. 8) and Defendants' and Plaintiffs' responses thereto, Defendants' request to reconsider our decision remanding this case to the Philadelphia Count Court of Common Pleas shall be GRANTED.[1]

---

[1]    Under Federal Rule of Civil Procedure 60(b)(1) a district court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for a "mistake" providing the party has submitted a motion for relief within one year of the order.  The decision as to whether or not to grant a Rule 60(b) motion is entirely within a district court's discretion. Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981).  Motions for relief brought under Rule 60(b) are treated the same way as motions to reconsider. See Mash v. Twp. of Haverford Dept. of Codes Enforcement, 2007 U.S. Dist. Lexis 67265, *12-13 (E.D. Pa. 2007).

   A motion to reconsider is meant to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  The party moving for reconsideration must base his motion on one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1192, 1218 (3d Cir. 1995).  A motion to reconsider may address only factual or legal matters that the court may have over looked; therefore, "it is improper on a motion for reconsideration to ask the court to rethink what it already

Pursuant to this order, the Court will now consider Defendant's Motion to Transfer (Doc. No. 2), and the parties are hereby GRANTED seven (7) days from the entry of this order to file any supplemental briefs concerning Defendant's Motion to Transfer that they deem appropriate.

By the Court:

s/J. Curtis Joyner
J. Curtis Joyner, J.

---

thought through – rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Typically, "a district court loses jurisdiction over a case once it has completed the remand by sending a certified copy of the remand order to the state court." Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 225. However, a district court may "reconsider its order of remand" if "the initial remand was not covered by [28 U.S.C.] § 1447(c)" as "the bar of [28 U.S.C.] § 1447(d) is . . . not implicated. Id. at 228. Federal courts are "precluded by section 1447(d) from reviewing remand orders based on routine jurisdictional determinations, but [they] may review untimely remand orders that are based on procedural defects." Korea Exch. Bank v. Trackwise Sales Corp., 66 F.3d 46, 48 (3d Cir. 1995) (internal quotations omitted). A party's noncompliance with § 1441(b) is an example of a procedural defect. Id. at 51-52. Therefore, a motion to remand based on a § 1441(b) violation must be filed within 30 days of removal. Id.

In as much as Defendant's failed to timely file their response to Plaintiffs' remand motion and did not raise the time-bar until the filing of their amended response, we were not caused to calculate the number of days between removal and the motion filing date. That failure, however, constituted error on our part. Now that the matter has been brought to our attention, we find that Plaintiff's Motion to Remand was filed thirty-one days after Defendant's removal. Thus, the Court's remand was not covered by § 1447(c), and as a result, we may reconsider our original order remanding this case to the Philadelphia County Court of Common Pleas. A district court does not have statutory authority to remand a case because of a procedural defect when a plaintiff has filed his motion to remand more than thirty days after removal, even if he filed the motion on the thirty-first day. Air-Shields, Inc. v. Fullam, 891 F.2d 63, 66 (3d Cir. 1989); Ramos v. Quien, 631 F. Supp. 2d 601, 608 (E.D. Pa. 2008). Again, Plaintiffs filed their Motion to Remand on June 10, thirty-one days after Defendants removed the case on May 10. Consequently, the Court improperly remanded this case.